**OSHKOSH TRUCK
CORPORATION, Plaintiff,**

v.

**LOCKHEED MISSILES & SPACE
COMPANY, INC., Defendant.**

**LOCKHEED MISSILES & SPACE
COMPANY, INC.,
Counterclaimant,**

v.

**OSHKOSH TRUCK CORPORATION,
Counterdefendant.**

**No. C–84–5041 DLJ.**

United States District Court,
N.D. California.

May 18, 1987.

J. Thomas Rosch and Robert L. Lee, of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal. and Theodore W. Anderson and William H. Frankel of Newman, Williams, Anderson & Olson, Chicago, Ill., for plaintiff.

Dirks B. Foster, of Townsend & Townsend, San Francisco, Cal., for defendant.

## OPINION AND ORDER

JENSEN, District Judge.

This case grows out of a License Agreement entered into by Oshkosh and Lockheed on January 5, 1979. Under the Agreement Lockheed conveyed to Oshkosh the exclusive right to U.S. Patents Nos. 3,794,134, Design Patents Des 229,403 and Des 229,503, certain "Proprietary Information" and assigned the Registered Trademark, DRAGON WAGON, together with the goodwill symbolized by it in return for royalties to be paid to Lockheed if Oshkosh used such assets in the manufacture and sale of what is defined in the Agreement as "Licensed Products."

In its declaratory judgment complaint Oshkosh claimed that all three patents were invalid and unenforceable on various grounds, that the License Agreement was unenforceable, that none of its trucks used the licensed patents or Proprietary Information and, therefore, that none of its trucks constituted Licensed Products.

Lockheed counterclaimed for damages for breach of the License Agreement in that Oshkosh had manufactured and sold trucks known as the LVS or DA–3858, the HEMTT and the DA–1500 that were Licensed Products as defined by the Agreement and had failed to pay royalties. Lockheed also counterclaimed that if the License Agreement was unenforceable Oshkosh had been unjustly enriched by having received the benefits of its relationship with Lockheed such that Oshkosh should pay Lockheed for such benefits. Lockheed's counterclaims for conversion, bad faith filing and prosecution of this action and willful infringement were withdrawn during trial.

On Oshkosh's motion for summary judgement the Design Patents were held not to cover any product made or sold by Oshkosh. During trial Oshkosh's claims of invalidity and unenforceability of the Design Patents were withdrawn.

At Oshkosh's request and on order of the Court the trial in this action was bifurcated into liability and damage phases. Jury trial on the liability phase began on February 9, 1987.

On March 12, 1987, the jury was instructed as to the liability issues and the parties agreed that if the License Agreement was valid and enforceable, any award of damages to Lockheed was to be based, according to proof, upon the License Agreement. It was further agreed that if the License Agreement was invalid and unenforceable, any award of damages to Lockheed was to be based, according to proof, upon the grounds of unjust enrichment. On the same date the jury was provided with alternative Verdicts and seven Special Interrogatories on the '134 patent, and alternative Verdicts and four Special Interrogatories on "Licensed Products" under the License Agreement in suit.

On March 26, 1987, the jury returned a unanimous verdict, finding the '134 patent to be invalid and unenforceable and answering each of the related Special Interrogatories. The jury was unable to agree on a verdict on "Licensed Products," but

unanimously agreed on Special Interrogatory No. 1 thereunder.

On March 27, 1987, the Court having found that the January 5, 1979 Oshkosh–Lockheed License Agreement is a hybrid agreement in which U.S. Patent No. 3,794,-134 and related Proprietary Information are intertwined, and the jury having found that the '134 patent is invalid and unenforceable, it was ordered that such License Agreement is no longer an enforceable contract. *See Chromalloy American Corp. v. Fischmann*, 716 F.2d 683 (9th Cir.1983); *see also St. Regis Paper Co. v. Royal Industries*, 552 F.2d 309 (9th Cir.1977).

On March 30, 1987, jury trial on the damage phase began. On April 1, 1987, the jury was instructed as to the damage issue and on April 6, 1987, the jury returned a unanimous general verdict for Lockheed.

*Post–Trial Motions*

Oshkosh filed the following motions which were briefed and argued on April 29, 1987:

1. Motion for Attorney's Fees under 35 U.S.C. § 285;

2. Motion under Rule 59(e) for Judgment Notwithstanding the Verdict and Motion to Amend the Judgment;

3. Motion for Entry of a Judgment Notwithstanding the Verdict that the LVS, HEMTT and DA–1500 Trucks are not Licensed Products;

4. Motion for Entry of Judgment Notwithstanding the Verdict regarding the HEMTT Truck;

5. Motion for Judgment Notwithstanding the Verdict on the Issues of Anticipation and Obviousness; and

6. Motion for Judgment Notwithstanding the Verdict on the Issue of the Invalidity of the '134 Patent under 35 U.S.C. § 112.

In ruling on Oshkosh's motions for judgment notwithstanding the verdict, the Court has considered all the evidence, in a light most favorable to Lockheed, drawing all reasonable inferences favorable to Lockheed, and without making determinations of credibility of the witnesses. The Court is convinced that reasonable persons could have found in light of that evidence all the facts necessary to support the jury's verdicts and answers to special interrogatories. *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506 (Fed.Cir.1984); *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753 (Fed.Cir.1984); *Quaker City Gear Works, Inc. v. Skil Corp.* 747 F.2d 1446 (Fed.Cir.1984).

■ The Court declines to make the additional findings or enter judgment requested by Oshkosh that the LVS, HEMTT, and DA–1500 trucks are not Licensed Products or regarding the HEMTT truck for the reason that such findings and judgment are unnecessary to a complete disposition of this action. The issue of whether Oshkosh manufactures a Licensed Product is only relevant to determining royalties due under the License Agreement. Since the License Agreement is a hybrid agreement rendered unenforceable by the jury verdict on the '134 patent, *Chromalloy, supra; St. Regis, supra*, it is unnecessary to determine whether Oshkosh manufactured a Licensed Product. Under such circumstances there appears to be no compelling legal reason for making such findings or entering such judgment.

■ There is a reasonable basis in the evidence for the jury's damage verdict based on unjust enrichment. *St. Regis, supra; Chromalloy, supra; Span–Deck, Inc. v. Fab–Con, Inc.*, 677 F.2d 1237 (8th Cir.1982). Evidence of the royalty provisions of the License Agreement, sales figures, and profit figures on the LVS truck were properly admitted for a limited purpose, and there is no reason to conclude that the jury did not heed the instructions on how to use this evidence. *See W.F. Magann Corp. v. Diamond Mfg. Co.*, 775 F.2d 1202, 1208 (4th Cir.1985). Having found that Lockheed was entitled to damages, the jury was not required to calculate the amount to a mathematical certainty but was entitled to make and, by the evidence did make a reasonable estimate. *Donahue v. United Artists Corp.*, 2 Cal.App.3d 794, 802–805, 83 Cal.Rptr. 131 (1969); *Mahoney v. Founder's Insurance Co.*, 190 Cal.App.

2d 430, 436, 12 Cal.Rptr. 114 (1961); *Macken v. Martinez*, 214 Cal.App.2d 784, 790, 29 Cal.Rptr. 867 (1963); *Stephan v. Maloof*, 274 Cal.App.2d 843, 850, 79 Cal.Rptr. 461 (1969). Accordingly, the Motion to Amend Judgment, or in the alternative for New Trial, is denied.

*Attorney's Fees*

■ The Court finds that the evidence is insufficient to establish that this is an "exceptional" case within the meaning of 35 U.S.C. § 285. At best, the jury's finding that the '134 patent was unenforceable because of inequitable conduct can be based only on the failure to disclose the "public use" and "on sale" activities found by the jury, since the jury found the patent not anticipated by the prior art and not obvious. In considering all the evidence and the jury's answers to Special Interrogatories, the Court is of the view that the failure to disclose the "public use" and "on sale" activities or any other information was not so egregious or lacking in good faith as to afford a basis for finding this to be an "exceptional" case. *Argus Chemical Corp. v. Fibre Glass–Evercoat Co.*, 812 F.2d 1381, 1386–87 (Fed.Cir.1987).

Although it is clear that Oshkosh would be considered a "prevailing" party in the liability phase of this bifurcated trial, for the trial as a whole it is at least arguable that each party may be considered the "prevailing" party. The Court concludes that each party should bear the burden of its own attorneys' fees. *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692 (Fed.Cir.1984).[1]

Accordingly, all post-trial motions brought by Oshkosh are hereby DENIED.

IT IS SO ORDERED.

---

1. Even were the Court to agree with Oshkosh's argument that a jury verdict of inequitable conduct compels the Court to find that the case is exceptional within the meaning of 35 U.S.C. § 285, the other factors mentioned weigh against awarding fees and compel this Court to find in its discretion, that an award of attorneys fees is inappropriate in this case.